

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 20, 1973

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. H- 106

Re: Determination of merit
increases under House
Bill 139, 63rd Leg., the
General Appropriations
Act

Dear Mr. Calvert:

You have requested our "guidance and counsel" concerning merit
salary increases permitted by the General Appropriations Bill for the
1974 and 1975 fiscal years. (House Bill 139, Acts of the 63rd Legislature).

The applicable provisions of that Bill are found in Article 5, § 1, Sub-
section d "Merit Salary Increases", p. V-28. They are as follows:

"(1) 'Continued and/or satisfactory career service'
as used in this Act shall mean service with consistent
performance equal to that normally expected or required.
'Merit Salary Increase' as used in this Act shall mean
advancement to a higher numbered Step in the same Salary
Group of the Classification Salary Schedule.

"(2) No merit salary increases may be granted except
by using the item of appropriations for classified salaries
and wages specified in this Act. Where this Act approp-
riates a lump sum or an estimated total sum for 'wages
and salaries' the source of funds for merit salary increases
shall be only that portion allocated to salaries of classified
positions in an annual operating budget approved by the
governing board of any State Agency.

"(3) For the biennium beginning September 1, 1973,
the maximum monthly rate of expenditures for merit salary
increases shall not exceed: (a) an amount equal to 3.4%
of the total amount specifically appropriated for the biennium
for salaries of classified positions divided by twenty-four (24),
or (b) such amount as may otherwise be appropriated for the

p. 498

biennium for the specific purpose of granting merit salary increases divided by twenty-four (24), or (c) where this Act appropriates a lump sum or estimated amount for salaries and operating expenses, the maximum monthly rate of expenditure for such merit salary increases shall not, during the first year of the biennium, exceed 3. 4% of the average monthly payroll for salaries of regular full-time employments in classified positions, for the six-month period March 1, 1973 through August 31, 1973; nor during the second year of the biennium exceed 3. 4% of such average monthly payroll for the six-month period March 1, 1974 through August 31, 1974.

"(4)  Merit Salary Increases shall be granted to employees in proportion to the classified salaries in each Agency distributed in the following groupings:

> Salary Groups 2  -    7
> Salary Groups 8   -   1 2
> Salary Groups 1 3 -   2 1

"(5)  The Comptroller shall prescribe such accounting and reporting procedures as are necessary to insure that expenditures for merit salary increases shall not exceed the amounts authorized herein for that purpose.  Notwithstanding any other provisions of this Act, all moneys which become available for merit salary increases shall accumulate during the entire biennium and any unused portion becoming available in the first year of the  biennium shall not lapse,  and is hereby appropriated for the second year of the biennium for the sole purpose of granting merit salary increases.  (Emphasis Added)

"(6)  All Departments and Agencies shall file a report with the Governor and the Legislature at the close of each fiscal year detailing the utilization of merit funds. "

Our responsibility in construing these provisions is to attempt to arrive at the intent of the Legislature. Article 10 §6, V. T. C. S. Determining the legislative intent in this instance has been far from easy. The provisions are ambiguous and are subject to several contrary interpretations. We have chosen that which, in our opinion, most closely conforms to the intent of the Legislature, and, at the same time, is possible of application.

Generally, we interpret the provision to include the following requirements:

(1) Merit salary increases involve advancement to a higher step in the same salary group. They are to be distinguished from promotions covered by Subsection e (p. V-29) which involve a step up to a higher group.

(2) Merit salary increases may be granted only out of funds appropriated for classified salaries. No special funds are granted for merit increases, but it can be expected that funds may become available during the year.

(3) In the usual case, the maximum amount that can be used by an agency for merit salary increases is found by multiplying the total biennium amount appropriated for classified salaries by .034. The product is the amount of money which may be paid for merit salary increases over the two year period. Only one/twenty-fourth of the total amount available for merit raises in the biennium may be spent in any one month.

(4) Agencies with a lump sum appropriation or estimated amount for salaries and operating expenses compute the maximum monthly rate of expenditure for merit raises in a different manner than most agencies. The formula by which the maximum rate is determined for these agencies is set out in enumeration (c) of paragraph (3) of the Appropriation Act's subsection on merit salary increases.

(5) The merit raises which are given must be apportioned among certain groupings of employees. The formula is set in the Act and remains constant, although the relative positions of the groupings may fluctuate during the biennium. Because raises are based on "continued and/or satisfactory career service," an agency is not required to award any merit salary raises, but if raises are given they must be apportioned among the three groupings of workers set out in the Act.

(6) Although the Act requires raises to be granted in proportion to classified salaries in each agency distributed in three designated groupings, exact mathematical accuracy is not required. Merit rasies are given by paying an employee at a higher step. A one step increase can vary from as little as $13 per month to as much as $60 per month in fiscal 1974 depending on the salary group involved. If administrators had the authority to provide raises of any given amount of dollars and cents, precisely accurate divisions might be required. Since admin istrators do not have this latitude, a less precise division must be permitted.

It must be recognized that a merit salary raise has long term consequences. The administrator must be able to budget funds to cover any raise for every remaining month in the biennium. Any increase will cause charges against the monthly maximum for all succeeding months.

You have asked five specific questions and requested that for clarification in answering them we assume a hypothetical situation as follows:

"If a State Agency has a maximum monthly rate of expenditure for merit salary increases of $750 per month and a number of employees in certain groups and classified salaries as set out below:

| Salary Groups | No. Employees Each Group | Monthly Total Classified Salary This Group |
|---|---|---|
| 2 - 7 | 1 0 | $ 5, 0 0 0 |
| 8 - 1 2 | 8 | 5, 5 6 8 |
| 1 3 - 2 1 | 1 0 | 11, 4 1 0 |
| Totals | 2 8 | 2 1, 9 7 8 |

Your first question then is:

"How much of this $750 per month could be legally applied to each of the salary group, 2-7, 8-12, and 13-21 in the event the agency wished to expend the entire $750 and money was available to expend that amount each month? "

Article 5 §1, Subsection d(4) requires that merit salary increases be granted to employees in proportion to the classified salaries in each Agency distributed in the groupings.

It indicates that merit increases are to be apportioned among the designated groupings on the basis of the relationship which each grouping's total classified salaries bear to the total classified salaries for the entire Agency.  Performance of the required calculations in relation to your hypothetical facts gives the following results.

| Salary Group | Total Classified Salary Distributed to Group | % of $750 Allocatable to Group | Maximum Monthly Allocation to Group |
|---|---|---|---|
| 2 - 7 | $ 5,000 | 22.75 | 170.625 |
| 8 -12 | 5,568 | 25.33 | 189.975 |
| 13-21 | 11,410 | 51.92 | 389.400 |
| Totals | $21,978 | 100.00 | $750.000 |

Assuming that the $750 does not exceed one/twenty-fourth of 3.4% of the biennial appropriation for salaries for classified positions, maximum monthly merit increases under your hypothetical questions would have to be as nearly as possible in the proportion of $170.625 for groups 2 - 7, to $189.875 for groups 8 - 12, to $389.400 for groups 13 - 21.

Because of the inherent imprecision in meeting these percentages caused by the rigidity of the classification step system and the varied sizes of agencies, it is impossible to set a maximum allowable deviation from the ideal; however, agency heads should make every effort to provide as precise a distribution as possible.

Your second question is:

"Is this proportion limitation on a month by
month basis or could an agency, if money is avail-
able, use a greater proportion for employees in

groups 2-7 than for the two groups for any one
month, if the proportion limitation is maintained
over a period of a year of the biennium? "

The Legislature has given no specific guidelines by which the proportion limitations are to be measured. We believe that compliance can be attained when, at the end of each fiscal year, the monthly rate of expenditures for merit salary increases reflects the relative proportions of the salaries of the three groupings. This does not mean that the proportional limitation is required to be maintained on a monthly basis.

Your third question asks:

"How many merit salary increases could
any one employee receive in the first year of the
Appropriation Bill? "

The Act gives no specific guidance for the answer to this question. By Acts 1968, 60th Leg., 1st C.S., ch. 5, p. 356, the Legislature specified that:

"(b) No employee may receive more than
two one-step increases from funds appropriated
for merit salary increases during the fiscal year
beginning September 1, 1968. "

The present General Appropriation Act contains no such limitation. By implication, then, the Legislature has removed the barriers to granting to any one employee as many merit salary increases as deserved, as often as deserved, during the first year of the biennium.

Your fourth question is:

"Could this same employee receive merit
increases in the second year of the Appropriation
Bill? "

The answer to this question is the same as the answer to your third question.

Finally, you ask:

> "Does the provision in Section (5) supersede
> the maximum monthly rate as provided for in Section
> (3) or is the maximum monthly rate in effect for the
> entire biennium when arrived at in accordance with
> the Act?"

Sub-section (5) provides:

> ". . . Notwithstanding any other provisions of the
> Act, all moneys which become available for merit
> salary increases shall accumulate during the entire
> biennium and any unused portion becoming available
> in the first year of the biennium shall not lapse, and
> is hereby appropriated for the second year of the
> biennium for the sole purpose of granting merit
> salary increases."

Section (5) concerns the means by which funds become available for merit salary increases while § (3) involves the maximum rate at which those funds may be spent. The amount spent for raises may never exceed the monthly maximum no matter how much money is available for increases.

## SUMMARY

1. The Legislature has given no specific guide-lines by which the proportion limitations are to be measured. We believe that compliance can be attained when, at the end of each fiscal year, the <u>monthly rate</u> of expenditures for merit salary increases reflects the relative proportions of the salaries of the three group-ings. This does not mean that the proportional limita-tion is required to be maintained on a monthly basis.

2. There is no limit on the number of merit salary increases any one employee may have, and an employee may receive merit salary increases in both years of the biennium.

   3. The amount spent for merit raises can never exceed the monthly maximum no matter how much money is available for increases.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee